UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

ZIYA PASHAZADE

      v.                                      Civil No. 26-cv-002-JL-TSM

ANDREW ACKLEY, ACTING WARDEN, FEDERAL
    CORRECTIONAL INSTITUTION, BERLIN, NH;
PATRICIA HYDE, ACTING DIRECTOR, BOSTON
    FIELD OFFICE, UNITED STATES
    IMMIGRATION AND CUSTOMS
    ENFORCEMENT[1]

**O R D E R**

Petitioner, a civil immigration detainee from Azerbaijan, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), challenging his detention at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") in United States Immigration and Customs Enforcement ("ICE") custody. The Petition is before this court to determine whether the claims asserted are not facially invalid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b); LR 4.3(d)(4).

Petitioner states that he came to the United States, with his wife and two children, in August 2023. Petitioner and his family first travelled to Mexico and scheduled an appointment through the United States Customs and Border Protection mobile application ("CBP One") to present themselves at the United States border to seek asylum. On August 10, 2023, Petitioner appeared for that scheduled appointment at the San Ysidro, California point of entry. At that time, the Department of Homeland Security issued Petitioner a Form I-862 Notice to Appear ("NTA")

---

[1] The Petition lists additional federal officers in their official capacities as respondents. The court declines to direct service upon those named respondents at this time.

charging him with inadmissibility for being an immigrant not in possession of valid immigration and travel documents. Petitioner was paroled into the United States with his family at that time.

Petitioner timely filed a petition for asylum on September 20, 2023. A merits hearing was scheduled in Immigration Court for February 11, 2026. The Immigration Court later rescheduled that hearing to March 17, 2027.

On November 2, 2025, Petitioner was arrested by the Everett, Massachusetts Police Department ("EPD") for shoplifting. ICE became aware of the arrest, issued a warrant for Petitioner's arrest by ICE, and filed an immigration detainer with the EPD. Twelve days later, on November 14, 2025, the shoplifting charges were dismissed prior to arraignment. Petitioner asserts he has no other outstanding charges and no criminal record. Petitioner has remained in ICE custody since November 2, 2025.

Since his arrest, Petitioner's removal proceedings have been severed from his family's, and Petitioner was scheduled for an individual merits hearing on his asylum application on December 2, 2025. Petitioner's counsel requested a continuance of that hearing, as counsel had been provided only one week's notice thereof. The hearing was rescheduled to December 17, 2025. Petitioner appeared at that hearing, with counsel, prepared to proceed, having submitted all of his evidence and written materials to the court. However, the court was unable to hear his case that day and rescheduled Petitioner's merits hearing to January 21, 2026.

Petitioner asserts here that the Department of Homeland Security has or will allege that he is subject to mandatory detention under 8 U.S.C. § 1225. Petitioner contends that he is entitled to a custody determination (bond) hearing under 8 U.S.C. § 1226(a). Petitioner alleges that his present detention violates his rights under § 1226(a), and under the Fifth Amendment's Due Process Clause. Petitioner asserts that the reasoning in the recent order of another judge of this court in Destino v.

<u>FCI Berlin, Warden</u>, Civil No. 1:25-cv-00374-SE-AJ (Dec. 24, 2025) (ECF No. 9) applies to him in this case.

Petitioner seeks an order from this court directing that he be released, or directing the respondent to show cause, within three days, why he should not immediately be provided with a bond hearing. The court cannot determine at this time that Petitioner's claims are invalid. Accordingly, this matter may proceed. The court directs as follows:

The Clerk's office shall:

- Provide a copy of this Order to the Civil Bureau Chief of the Office of the U.S. Attorney for the District of New Hampshire as soon as is practicable;

- Deliver a copy of the Petition and this Order to the Office of the U.S. Attorney for the District of New Hampshire, to the attention of the Civil Process Clerk;

- Send copies of the Petition and this Order by certified mail to:

o **Warden**, FCI Berlin, 1 Success Loop Rd., Berlin, NH 03570;

o **Director**, Boston Field Office, U.S. Immigration and Customs Enforcement, 1000 District Ave., Burlington, MA 01803; and

o **U.S. Attorney General**, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

The Federal Respondents are directed to show cause, on or before January 8, 2026, as to why the court should not issue an order granting the petition in this case to the extent of ordering the government to afford Petitioner a bond hearing under 8 U.S.C. § 1226(a), and/or the Due Process Clause of the Fifth Amendment consistent with <u>Destino</u>. If the government fails to comply with that show cause Order, the government must show cause why the court should not grant the writ and set appropriate terms and conditions of Petitioner's release during the pendency of his removal proceedings.

A hearing on the Petition may be scheduled to occur on or after January 8, 2026. Should counsel for Petitioner waive Petitioner's presence at that hearing, that hearing shall occur via

3

video. Any party may request a status conference at any time, including before service on Respondents is complete.

Respondents shall provide this court with at least 72 hours of advance notice of any scheduled removal or transfer of Petitioner out of this court's jurisdiction. Such notice shall be filed in writing in the docket of this proceeding, shall state the reasons for such action, and shall state why the removal or transfer should not be stayed pending further court proceedings. Notice of Petitioner's release from custody may be provided after the fact.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

January 5, 2025

cc:   Ronald L. Abramson, Esq.