UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Ziya Pashazade

        v.                                                   Case No. 26-cv-00002-JL

FCI Berlin, Warden et al.

## **SUMMARY ORDER**

Before the court is the habeas petition brought by Ziya Pashazade challenging his ongoing ICE detention.  On January 8, 2026 the court, under the reasoning set forth in *Destino v. FCI Berlin, Warden*, No. 1:25-CV-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025), ordered the respondents to provide the petitioner with a bond hearing as soon as practicable.[1]  On January 20, 2026, the Chelmsford Immigration Court conducted a bond hearing but denied bond after adopting the reasoning proffered by an attorney representing the Department of Homeland Security (one of the respondents in this case) that Pashazade's detention was mandatory under 8 U.S.C. § 1226(c)(1)(E).[2]  Pashazade moved to request that the court clarify its January 8 order by specifically ordering the respondents to provide him with a "constitutionally adequate bond hearing in which the Respondents are prohibited from invoking the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(E)."[3]

The respondents did not raise 8 U.S.C. § 1226(c)(1)(E) in response to this court's order to show cause why it should not afford him the same relief ordered in *Destino v. FCI Berlin, Warden*, 1:25-cv-00374-SE-AJ, ECF No. 10 (D.N.H. Dec. 24, 2025) (Elliott, C.J.).[4]  In their response to that order, the respondents "disagree[d] with Petitioner's claim that his detention is governed by 8 U.S.C. § 1226 and submit that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(1)," but otherwise conceded that the material facts "closely mirror those in *Destino*" and that "the court would likely reach the same result" if it applied *Destino*'s reasoning."[5]

The respondents contend that they did not litigate the Laken Riley Act as a "theory" of detention in this court because Pashazade, who, they argue, bears the burden to establish that his detention is unlawful, failed to raise the issue in his petition.[6]  They also maintain that their position "was and continues to be that Petitioner is appropriately detained under § 1225(b)."[7]  This misapprehends the court's show cause order, which put the burden on the respondents to identify a reason why, despite his similarities to the

---

[1] Bond Order (doc. no. 7).
[2] Pet. Mot. Clarify (doc. no. 14) at 1.
[3] *Id.*
[4] Show Cause Order (doc. no. 4).
[5] Resp. to Show Cause Order (doc. no. 6) at 1-2.
[6] Resp'ts' Opp. to Mot. Clarify (doc. no. 16) at 2.
[7] *Id*.

petitioner in *Destino*, Pashazade should remain in detention.  The respondents had notice of Pashazade's shoplifting arrest and, if they believed the arrest distinguished the authority for his detention from *Destino*'s, the burden was on the respondents to raise it in their response to the court's order.

The respondents take the position that the "Petitioner is appropriately detained under § 1225(b)."[8]  They concede that, should the court "find that Petitioner's bond hearing was defective, the appropriate result here is remand to the IJ to conduct a new bond hearing in which DHS may not raise, and the IJ may not consider, 8 U.S.C. § 1226(c)."[9]  Thus, the court **GRANTS** the motion to clarify[10] and orders the respondents to provide Pashazade, as soon as practicable, with a bond hearing conforming to the procedural requirements set forth in *Hernandez Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), at which DHS may not raise, and the IJ may not consider, 8 U.S.C. § 1226(c).  The parties shall file a status report within 7 days of this order.

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: February 27, 2026
Cc: Counsel of record

---

[8] Resp'ts' Opp. to Mot. Clarify (doc. no. 16) at 2.
[9] *Id.* at 5.
[10] Mot. Clarify (doc. no. 14).